Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIK SALAIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TAX SERVICE LLC, a Wyoming Limited Liability Company<br><br>Defendant. | Civil Action No.: [Case No.]<br><br>**CLASS ACTION COMPLAINT** |

    Plaintiff ERIK SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant AMERICAN TAX SERVICE LLC (hereinafter "ATS" or "Defendant") to stop their illegal practice of sending unsolicited telemarketing calls to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from Defendant ATS. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

COMPLAINT                                                                                          1

## NATURE OF THE ACTION

1. As a part of their marketing, Defendant ATS sent thousands of illegal robocalls to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

2. Defendant ATS did not obtain consent prior to sending these unsolicited calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6. By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendant ATS violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Erik Salaiz is a natural person residing in El Paso, Texas.

9. Defendant ATS is a corporation organized and existing under the laws of Wyoming.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant ATS because ATS caused the violating calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant ATS operates as a company based out of Las Vegas, Nevada.

14. Defendant ATS sent out unsolicited calls with an artificial or prerecorded voice soliciting Plaintiff and the putative class for Defendant ATS's tax services.

15. Defendant ATS failed to obtain consent from recipients, nor did they check the Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. Plaintiff is a natural person who resides in this District.

17. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number ending in -6688 is a residential number and is registered to a cellular telephone service.

19. Plaintiff's telephone number ending in -6688 is used for personal purposes and is not associated with business.

20. Plaintiff successfully registered his telephone number ending in 6688 on the National Do-Not-Call Registry on March 28, 2024, which was more than 31 days prior to receiving the alleged calls in this complaint.

21. Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

22. Defendant ATS operates as a tax company who offers a variety of tax services to consumers nationwide according to its website https://americantaxservice.com.

23. Upon information and belief, as part of their marketing campaign, and to generate new business, Defendant ATS sends unsolicited calls using an artificial or prerecorded voice to thousands of consumers residential telephone numbers without obtaining the consumers' consent.

24. Upon information and belief, Defendant ATS makes substantial profit gains by generating new clients through illegal telemarketing.

25. During the month of August 2024, Plaintiff received at least five (5) unsolicited calls (hereinafter "the calls") to his telephone ending in -6688 from Defendant ATS as described below:

Call #1 – 8/6/2024, at 12:31 PM from caller ID (469) 482-6489
Call #2 – 8/13/2024, at 10:02 AM from caller ID (603) 607-1456
Call #3 - 8/14/2024, at 1:15 PM from caller ID (605) 952-8304
Call #4 - 8/14/2024, at 3:36 PM from caller ID (385) 486-1635
Call #5 - 8/16/2024, at 12:53 PM from caller ID (803) 925-6855

26. Plaintiff answered each of the calls and heard the same exact artificial or prerecorded voice message that stated,

"Linda here tax 1333 when you get this message, please call me back at 1-800-985-1174. This call was to let you know that all past due tax debt has been placed in a non-collectible status, meaning you will not have to pay back your past due taxes. This is part of that new federal economic recovery program you've probably heard about on the news. So before you file or start making arrangements to pay your tax debt, give us a call again my number is 1-800-985-1174. Thanks for your time and talk to you soon."

27. The calls disconnected after the artificial or prerecorded voice message ended.

28. The artificial or prerecorded voice in the alleged calls left a call back phone number of 1-800-985-1174 instructing Plaintiff to call back.

29. Defendant ATS spoofed the caller IDs on each of the alleged calls they made to Plaintiff.

30. The artificial or prerecorded voice in the alleged calls do not identify Defendant ATS.

31. The calls Plaintiff received from Defendant ATS were clearly pre-recorded because (a) they were sent with automated technology used to mask Caller IDs (b) they used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

32. Plaintiff became annoyed and frustrated by the calls.

33. On August 16, 2024, Plaintiff called 1-800-985-1174, the number left in the artificial or prerecorded voice messages as it was the only way to identify the caller.

34. Plaintiff was connected to an agent who introduced himself as John with the "Tax Group."

35. Upon information and belief ATS instructs its agents not to reveal their identity at the beginning of the call and to use an unregistered fictitious name such as the "Tax Group."

36. Defendant ATS instructs its agents not to reveal their identity until they have a qualified customer in order to avoid liability for violating the TCPA.

37. Plaintiff advised John that he was responding to the calls he had received from them.

38. John asked Plaintiff qualifying questions regarding Plaintiff's taxes.

39. John advised Plaintiff he was eligible for a tax resolution program.

40. John stated to Plaintiff,

"We are a full service tax resolution firm okay we deal with tax attorneys and enrolled agents as well as CPA's here on staff so we negotiate directly with the IRS to get your tax debt reduced."

41. John then transferred Plaintiff to another agent named Lee Evans (hereinafter "Evans").

42. Evans asked Plaintiff more qualifying questions and solicited Plaintiff for a "tax abatement" program on behalf of Defendant ATS.

43. Evans advised Plaintiff the cost of the tax abatement program would be $1,200.

44. Evans then sent Plaintiff a power of attorney and service agreement via email on behalf of Defendant ATS for Plaintiff to sign.

45. The power of attorney and service agreement Plaintiff received from Evans identified Defendant ATS.

46. Upon information and belief, Defendant ATS employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

47. Upon information and belief, Defendant ATS does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through Defendant's agents.

48. Plaintiff is a Texas resident.

49. The [https://direct.sos.state.tx.us/telephone/telephonesearch.asp](https://direct.sos.state.tx.us/telephone/telephonesearch.asp) site ("Texas Registration Database") does not contain Defendant ATS's registration.

50. Defendant ATS does not qualify for an exemption under § 302.053.

51. Plaintiff never provided his prior express written consent to receive any of the alleged calls.

52. The calls were nonconsensual encounters that were not made for emergency purposes.

53. The calls were made to Plaintiff for the purpose of encouraging Defendant ATS's services.

54. Upon information and belief, the calls were placed while knowingly ignoring the national do-not-call registry.

55. Upon information and belief, the calls were placed without Defendant ATS training its agents on the use of an internal do-not-call policy.

56. Plaintiff has never been a customer of Defendant ATS and never knew who Defendant ATS was prior to receiving the alleged calls.

57. Plaintiff was harmed by the alleged calls.

58. Plaintiff was temporarily deprived of legitimate use of his phone because his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, and were a nuisance and disturbed the solitude of Plaintiff.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

59. Plaintiff realleges paragraphs one through fifty-eight and incorporates them herein as if set forth here in full.

60. The calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

61. The calls harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

62. The calls harmed Plaintiff by intruding upon his seclusion.

63. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## CLASS ALLEGATIONS

64. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called and/or any entity making calls on behalf of Defendant (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called any and/or any entity making calls on behalf of Defendant (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

65. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims

in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

66. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

67. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

68. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

69. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

70. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the unsolicited calls were caused by Defendant;

    b. Whether the unsolicited calls promoted Defendant's products or services;

    c. Whether Defendant checked the phone numbers to be called against the Federal Do Not Call registry;

    d. Whether Defendant obtained written express consent prior to sending the unsolicited calls

    e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

71. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**

**(On behalf of Plaintiff and the TCPA Class)**

72. Plaintiff realleges paragraphs one through seventy-one and incorporates them herein as if set forth here in full.

73. Defendant and/or its agents placed unsolicited phone calls to Plaintiff and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

74. The calls were made for the express purpose of soliciting consumers' for Defendant ATS's goods and services.

75. When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

76. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

77. Defendant and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

78. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

<u>**Second Cause of Action**</u>:
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the TCPA Class)**

79. Plaintiff realleges paragraphs one through seventy-eight and incorporates them herein as if set forth here in full.

80. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

81. Defendant and/or its agents placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

82. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry 47 C.F.R. § 64.1200(c)(2).

83. Defendant's solicitating phone calls were made for the commercial purpose of soliciting Defendant's goods and services.

84. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

85. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

86. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**Third Cause of Action:**
**Violations of The Texas Business and Commerce Code § 305.053**
**(On Behalf of Plaintiff and the Texas Subclass)**

87. Plaintiff realleges paragraphs one through eighty-six and incorporates them herein as if set forth here in full.

88. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

89. The foregoing acts and omissions of Defendant and/or its agents constitute multiple violations of the Texas Business and Commerce Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 *et seq*. The Defendant violated 47 U.S.C. § 227(d) and 47

U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using an artificial or prerecorded voice message that does not comply with the technical and procedural standards under this subsection.

90. Upon information and belief, Plaintiff sent Defendant a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

91. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Business and Commerce Code § 305.053(b).

92. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation. Texas Business and Commerce Code § 305.053(c).

### Fourth Cause of Action:
### Violations of The Texas Business and Commerce Code § 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate
### (On behalf of Plaintiff and the Texas Subclass)

93. Plaintiff realleges paragraphs one through ninety-two and incorporates them herein as if set forth here in full.

94. Defendant's illegal solicitation sales calls to Plaintiff and the putative class without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

95. Upon information and belief the actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

96. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

97. Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

98. As a result of the Defendant's violations of the Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

99. As a result of the Defendant's violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ERIK SALAIZ, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate 227(c) of the TCPA;

D. An order declaring that Defendant's actions, as set out above, violate 305.053 of the Texas Business and Commerce code;

E. An order declaring that Defendant's actions, as set out above, violate 302.101 of the Texas Business and Commerce code;

F. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

G. An award of $1,500 per call in statutory damages arising from the TCPA §227(b) for each intentional violation, five (5);

H. An award of $1,500 per call in statutory damages arising from the TCPA §227(c) for each intentional violation, five (5);

I. An order declaring that Defendant's actions, as set out above, violate the Texas Business and Commerce code willfully and knowingly;

J. An award of $1,500 in statutory damages arising from the Texas Business and Commerce code 305.053 for each intentional violation, five (5);

K.     An award of $5,000 in statutory damages arising from the Texas Business and Commerce code 302.101 for each intentional violation, five (5);;

L.     An injunction requiring Defendant to cease sending all unlawful calls;

M.     An award of reasonable attorneys' fees and costs; and

N.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 19, 2025,         Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*